G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
6464 W. Sunset Blvd., Suite 960
Los Angeles, CA 90028
Telephone: (323) 940-1700
Fax: (323) 238-8095
tom@mblawapc.com
nick@mblawapc.com
Attorneys for Plaintiffs
KYLE DAUK AND CANDIS MONKIEWICZ

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DAUK AND CANDIS MONKIEWICZ<br><br>            Plaintiffs,<br><br>vs.<br><br>ACCLAIM CREDIT TECHNOLOGIES; EQUIFAX INFORMATION SERVICES, LLC; and DOES 1 to 10, inclusive,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Unlimited Civil Jurisdiction |

## INTRODUCTION

1. Plaintiffs Kyle Dauk and Candis Monkiewicz ("Plaintiffs") bring this Complaint for Damages against Defendants Acclaim Credit Technologies ("ACT") and Equifax Information System, LLC ("Equifax").

2. Plaintiffs bring this action for damages based upon Defendants' violations of: (1) the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681; (2) the California Consumer Credit Reporting Agencies Act ("CCCRA"), Cal. Civ. Code § 1785.25(a); (3) the Fair Debt Collection Practices Act (15 U.S.C. § 1692); and (4) the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788).

## VENUE AND JURISDICTION

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). The matter in controversy, exclusive of interest and costs, exceeds the sum of value of $75,000.00, and is a class action in which at least one member of the class of plaintiffs is a citizen of a State different from any Defendant.

4. Jurisdiction of this Court also arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy." The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## PARTIES

6. Plaintiffs, Kyle Dauk and Candis Monkiewicz, are natural persons who reside in the City of Tehachapi, County of Kern, California. Plaintiffs are "consumers" as defined by the FCRA, 15 U.S.C. § 1681(a).

7. Defendant ACT is a California corporation, headquartered in Visalia, California. Defendant ACT is an entity which is engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of

information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA.  Defendant ACT is a "person" as defined by the FCRA, Section 1681a(b), and a "reseller" as defined by the FCRA, Section 1681a(u).

8. Defendant ACT is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in California.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant ACT is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and the RFDCPA.

10. Defendant EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") is a limited liability company with its principal place of business located in Atlanta, Georgia.  At all relevant times herein, Defendant, Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

12. Plaintiffs are informed and believe and on that basis allege that Defendant are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as their agents, servants, employees, and that each of them are legally liable to Plaintiffs, as set forth below.

# FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiffs who are not minors allege that the following events and actions taken by Defendant occurred within the past two years.

14. On June 6, 2014, Plaintiffs filed Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Central District of California, Case. No. 614-bk-17943-MH.

15. On September 16, 2014, Plaintiffs obtained a discharge of all debts they had incurred prior to the filing of their bankruptcy petition on June 6, 2014.

16. In and around April, 2015, Plaintiffs conducted a credit review with the three major credit reporting agencies, Experian, Equifax and Trans Union (collectively referred to as "credit reporting agencies" or "CRAs"), and discovered inaccuracies in their credit files. Plaintiffs discovered that Defendant ACT was furnishing inaccurate information Experian and Equifax that Plaintiffs still owed an outstanding deficiency balance of $ 6,239.00 arising out of a debt previously allegedly owed to original creditor Calvon A. Voong MD ("Alleged Debt").

17. The Alleged Debt which ACT was reporting was incurred prior to the filing of Plaintiffs' bankruptcy petition on June 6, 2014 and was therefore discharged by the Bankruptcy Court on September 16, 2014 by operation of law.

18. Given the fact that the Alleged Debt was in fact discharged by the Bankruptcy Court on September 16, 2014, Defendant's reporting to Experian and Equifax of the Alleged Debt was false, inaccurate and misleading because Plaintiffs do not owe any such debt.

19. Subsequently, Plaintiffs formally disputed the alleged debt with Equifax and Experian several times.

20. Upon receipt of Plaintiffs' disputes, Equifax sent an automatic customer dispute verification forms ("ACDV's") informing ACT that Plaintiffs were disputing Defendant's reporting of the status of the account.

21. Upon receipt of Equifax's ACDVs, ACT continued to furnish inaccurate information about Plaintiffs regarding the Alleged Debt to Equifax.

22. In response to further disputes by Plaintiffs to Equifax in 2015, Equifax has erroneously reported that Plaintiffs owe an outstanding, past due balance of $ 399.00 to AFNI, Inc. and an outstanding, past due balance of $ 773.00 to First Premier Bank.

23. Despite Plaintiffs' exhaustive efforts to date to remove the erroneous information reported by the Defendants, the Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations and have continued to report the derogatory information about Plaintiffs.

24. As a result of Defendants' conduct, Plaintiffs have suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiffs' great detriment and loss.

25. As a result of Defendants' conduct, Plaintiffs have suffered great physical, emotional and mental pain and anguish, and Plaintiffs will continue to suffer the same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

26. As a result of Defendants' conduct, Plaintiffs have suffered actual damages in the form of financial and dignitary harm arising from injury to their credit rating and reputation, and Plaintiffs will continue to suffer the same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

27. As a result of Defendants' conduct, Plaintiffs have suffered decreased credit score as a result of the negative entry appearing on Plaintiffs' credit file, preventing them from being able to obtain credit.

## FIRST CAUSE OF ACTION

## (Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*)

## (Against ACT)

28. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

29. The FCRA requires a furnisher such as ACT, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

30. Within the last two years, defendant ACT provided inaccurate information to the credit reporting agencies.

31. Within the past two years, Plaintiffs notified Experian, Equifax, and Trans Union that their reports concerning ACT were inaccurate. Thereafter, the credit reporting agencies notified ACT that Plaintiffs were disputing the information it had furnished to the credit reporting agencies.

32. ACT violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s-2(b);

   a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

   b. willfully and negligently failing to review all relevant information concerning Plaintiffs' account provided to ACT;

   c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiffs to credit reporting agencies;

g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiffs' account to credit reporting agencies; and

h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

33. In attempting to collect the aforementioned alleged debt, the Defendant, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiffs to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was inaccurate; to wit, Defendant ACT continued to report that Plaintiffs owed a deficiency balance when this debt was discharged by the bankruptcy court.

34. ACT's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant are liable to compensate the Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

### SECOND CAUSE OF ACTION
**(Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*)**
**(Against Equifax)**

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

37. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

38. Within the two years preceding the filing of this complaint, Plaintiff notified the Defendants of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

39. The Defendants failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

40. The Defendants failed to review and consider all relevant information submitted by Plaintiff.

41. The Defendants failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file in violation of 15 USC § 1681e(b).

42. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages, as outlined above.

43. The Defendant credit reporting agencies' violations of the FCRA were willful and Plaintiff is therefore entitled to also seek statutory and punitive damages.

### THIRD CAUSE OF ACTION

**(Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§1785.25(a))**

**(Against ACT)**

44. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

45. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

46. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

47. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

48. Defendant ACT negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

49. Based on these violations of Civil Code § 1785.25(a), Plaintiffs are entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

# FOURTH CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

**(Against ACT)**

50.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.   Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

(a)   Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiff;

(b)   Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in an attempt to collect an alleged debt;

(c)   Defendant violated 15 U.S.C. §1692e(2)(A) by falsely representing the amount, character, or legal status of an alleged debt;

(d)   Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

52.   Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

53.   As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

54.   Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

55.   As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## FIFTH CAUSE OF ACTION

### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

### (Against ACT)

56. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

58. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

59. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment as follows:

60. an award of actual damages, in an amount to be determined at trial, pursuant to *15 U.S.C § 1681(n)*, *15 U.S.C. § 1692k(a)(1)*, *Cal. Civ. Code § 1788.30(a)* and *Cal. Civ. Code § 1785.31(a)(2)(A);*

61. an award of statutory damages of $ 1,000.00, pursuant to *15 U.S.C § 1681(n), 15 U.S.C. § 1692k(a)(2)(A),* and *Cal. Civ. Code § 1788.30(b);*

62. an award of punitive damages under *15 U.S.C § 1681(n)*;

63. an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of *Cal. Civ. Code § 1785.25(a);*

64. an award of attorneys' fees and costs pursuant to *15 U.S.C § 1681(o), Cal. Civ. Code § 1788.30(c)* and *Cal. Civ. Code § 1785.31(d);*

65. Providing such further relief as may be just and proper.

Dated: November 18, 2015                    Respectfully submitted,

**MARTIN & BONTRAGER, APC**

/s/ G. Thomas Martin, III
G. Thomas Martin, III
Attorney for Plaintiffs